IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LEAH WEST,                              *

    Plaintiff,                          *

vs.                                     *

                                  CASE NO. 4:26-CV-352 (CDL)

PETE HEGSETH, Secretary of             *
Defense,
                                        *

    Defendant.                          *
_____          *

O R D E R

Leah West, who is proceeding *pro se*, filed this action on March 6, 2026, using the *pro se* civil complaint form. *See* Compl., ECF No. 1. She invokes the federal sector provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and claims that after she "filed Complaint Two, agency personnel engaged in retaliatory actions." Compl. at 5. West appears to allege that she is a former employee of the Army & Air Force Exchange Service and that when she filed a discrimination complaint with her agency's equal employment opportunity office, that office did not properly handle her complaint. Presently pending before the Court are several motions made by West. The Court makes the following rulings.

DISCUSSION

West's first motion is a motion "to take notice of administrative defects in the EEO process." Mot. (Mar. 6, 2026),

ECF No. 4.  The Court is permitted to take "judicial notice of an adjudicative fact" if that fact "is not subject to reasonable dispute because" the fact "is generally known within the trial court's jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Here, West appears to ask the Court to find that there were administrative defects in the EEO process, and she seeks this ruling based on her allegations about the EEO process, without any notice to Defendant or an opportunity for Defendant to be heard.  Judicial notice is not permitted under these circumstances because West does not seek notice of a *fact* that is not subject to reasonable dispute.  Instead, she appears to seek a legal ruling on her allegations of procedural defects in the EEO process—an issue that cannot be decided by judicial notice.  The Court denies this motion (ECF No. 4).

West's second motion is a motion for extension of time to serve Defendant.  West asserts that she served Defendant by sending the summons and complaint via certified mail to Defendant, the U.S. Attorney General, and the civil process clerk at the Middle District of Georgia U.S. Attorney's office.  *See* Proof of Service, ECF No. 9.  To date, no answer or other response has been filed by Defendant.  West believes that service has not been successfully completed on Defendant and that she may need ten more days to attempt service.  Under Federal Rule of Civil Procedure 4(m), West

must serve Defendant within ninety days after filing the complaint. West filed this action on March 6, 2026, so her service deadline is not until June 4, 2026. The Court finds that West's motion for a ten-day extension is moot (ECF No. 11).

West's third motion is an "Ex Parte Motion for Expedited Ruling," in which she seeks to redact her phone number, home address, and email address from public court records. Mot. for Expedited Ruling, ECF No. 14. West did not identify which court filings contain her personal identifiers. The Court observes that West included some personal identifiers (including her home address and telephone number) in documents that she filed with the Court, including her complaint and its exhibits. The Court grants West's motion to the following extent: the Court directs the Clerk to restrict access to ECF No. 1 and its attachments so that it is only accessible by Court users and case participants. West shall promptly file a redacted version of her complaint and its attachments in which her personal identifiers are redacted. West is reminded that under the Court's administrative procedures, it is "the sole responsibility of counsel and the parties to redact personal identifiers. The clerk will not review documents for compliance with this rule, or redact documents, whether filed electronically or in paper form." CM/ECF Administrative Procedures 18. Accordingly, West shall be responsible for ensuring that her personal identifiers are redacted from her future filings.

3

If West contends that her personal identifiers are visible on other filings in this action, she shall file a motion to restrict access to those documents and submit redacted versions of the documents she contends should be restricted.

IT IS SO ORDERED, this 14th day of April, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA